**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 9/24/2026

CARMELO TRIPODI,

Plaintiff,

v.

ELUTIA INC. F/K/A AZIYO BIOLOGICS, INC., DCI DONOR SERVICES, INC. D/B/A TENNESSEE DONOR SERVICES, BERKELEY BIOLOGICS, LLC AND HENRY SCHEIN, INC.

Defendants.

Case No. 1:26-CV-1088

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Upon the stipulation of Plaintiff Carmelo Tripodi and Defendants Elutia Inc. f/k/a Aziyo Biologics, Inc., DCI Donor Services, Inc. d/b/a Tennessee Donor Services, Berkeley Biologics, LLC, and Henry Schein, Inc. (collectively, the "Parties"), for entry of an order that confidential information from Parties to be disclosed only in designated ways as provided herein and that the disclosure of privileged information shall not constitute a waiver,

**IT IS HEREBY ORDERED** that:

**A. SCOPE.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential or Attorneys' Eyes Only Information ("AEO") as defined below. This Order is subject to the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, and the Honorable Mary Kay Vyskocil's Individual Rules of Practice in Civil Cases. Nothing in this Order shall be construed to affect in any manner the admissibility at trial or any

other court proceeding of any document, testimony, or other evidence. This Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the specific information or items that are entitled to protection under the applicable legal principles for treatment as confidential. As used herein, the term "Disclosure or Discovery Material" shall refer to all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are protected or generated in disclosures or responses to discovery in this matter. "Protected Material" shall mean any Disclosure or Discovery Material that is designated as CONFIDENTIAL [AND/OR ATTORNEYS' EYES ONLY] – SUBJECT TO PROTECTIVE ORDER". "Party" or "Parties" shall refer to one or more of the parties to this litigation, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their employees and support staff). The term "Producing Party" shall refer to a Party or Non-Party producing Disclosure or Discovery Material in this action. The term "Receiving Party" shall refer to the Party receiving documents from the Producing Party.

**B. CONFIDENTIAL OR ATTORNEYS' EYES-ONLY INFORMATION.** As used in this Order, "Confidential Information" includes information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under FRCP 26(c). "Confidential Information" means information that falls within one or more of the following categories: (a) information protected from public disclosure by applicable law; (b) confidential business or financial information, information regarding confidential business practices, or other confidential research, development, financial, or commercial information (including information implicating privacy rights of third parties); (c) medical information concerning any individual or other information subject to federal or state privacy rights, including but not limited to information

that is deemed confidential under Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (f) personnel or employment records of a person who is not a Party to the case. "Attorneys' Eyes Only Information" means Confidential Information of such a highly sensitive commercial, financial, competitive, or proprietary nature that disclosure to another Party or its employees would create a substantial risk of competitive or commercial harm that could not reasonably be avoided through a less restrictive designation. Information or documents that are available to the public may not be designated as Confidential or AEO.

**C. DESIGNATION**. A Producing Party may designate a document as Confidential or AEO for protection under this Order by placing or affixing the words "CONFIDENTIAL [AND/OR ATTORNEYS' EYES ONLY] - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential or Attorneys' Eyes-Only Information. The marking "CONFIDENTIAL [AND/OR ATTORNEYS' EYES ONLY] - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL [AND/OR ATTORNEYS' EYES ONLY] - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL [AND/OR ATTORNEYS' EYES-ONLY] - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked

documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. The designation of a document as Confidential or AEO is a certification by an attorney that the document contains Confidential or AEO Information as defined in this order.

**D. DEPOSITIONS**. Deposition testimony taken in this case may be designated as Confidential or AEO during the deposition or up until 30 days after the final transcript is delivered to each Party. The designating Party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated as Confidential or AEO, and thereafter only those portions identified in the Notice of Designation or on the record at the deposition shall be protected by the terms of this Order.

**E. PROTECTION OF CONFIDENTIAL OR ATTORNEYS' EYES-ONLY MATERIAL.**

1. **General Protections**. Confidential or AEO Information shall not be used or disclosed by the Parties, counsel for the Parties, Non-Parties, or any other persons identified in subparagraph (2)(a)–(i) for any purpose whatsoever other than in connection with prosecuting, defending, or attempting to settle this action, including any appeal thereof.

2. **Limited Third-Party Disclosures**. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential or AEO Information to any third person or entity, except as set forth in subparagraphs (a)–(i). Subject to these requirements, the following categories of persons may be allowed to review Confidential or AEO Information:

(a) Counsel. Counsel for the Parties and employees of counsel who have responsibility for the action;

(b) Parties (Only for Confidential Information and not for AEO Information). Individual Parties and employees of a Party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(c) The Court and its personnel;

(d) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(e) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(f) Consultants and Experts. Non-attorney consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action, but only if (i) the consultant, investigator, or expert is not employed by or a principal of a competitor of the Producing Party; (ii) the disclosure is limited to that which is reasonably necessary to develop evidence in the course of this proceeding; (iii) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purpose; (iv) the person may retain the designated material only for so long as reasonably necessary to perform work in this action and thereafter must return or destroy it in accordance with Section M; (v) the person is explicitly informed that this Order forbids him or her to use or disclose the designated information except as otherwise permitted under this Order and that he or she is subject to this Court's jurisdiction for the purposes of enforcing this Order; and (vi) such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(g) "Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgement and Agreement to be Bound."

(h) Witnesses at depositions:

i. If not an author or recipient. (Only for Confidential Information and not for AEO Information). During their depositions, or during preparation for their depositions, witnesses and attorneys for the witnesses in this action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgement and Agreement to Be Bound;" and (ii) they will not be permitted to keep any Confidential Information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.

ii. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Witnesses at depositions who are <u>not</u> authors or recipients may not have access to Attorneys' Eyes-Only Information.

iii. If an author or recipient. During their depositions, or during preparation for their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential or AEO Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential or AEO pursuant

to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(i) Author or recipient. Any person who (1) authored, is listed as a recipient of, or is mentioned, discussed, or referred to in the Confidential or AEO Information; (2) is or was a custodian of the Confidential or AEO Information; (3) is an employee of the Party producing the Confidential or AEO Information; or (4) was an employee of the Producing Party of the Confidential or AEO Information and who has signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(j) Mediators. Mediators agreed upon by the Parties and assistants or employees of the mediators; and

(k) Others by Consent. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered (Only for Confidential Information and not for AEO Information).

3. **Control of Documents**.

(a) Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or AEO Information.

(b) Counsel for the Parties shall maintain the originals of the executed Acknowledgment of Understanding and Agreement to Be Bound.

4. **Security of Confidential or Attorneys' Eyes-Only Information.** Any person in possession of another Party's Confidential or AEO Information shall exercise the same care with regard to the storage, custody, or use of Confidential or AEO Information as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable

precautions to protect Confidential or AEO Information from loss, misuse, and unauthorized access, disclosure, alteration, and destruction, including but not limited to:

(a) Confidential or AEO Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Confidential or AEO Information under this Order;

(b) An audit trail of use and access to litigation support site(s), as well as a list of persons with access to Confidential or AEO Information, shall be maintained while this Litigation, including any appeals, is pending;

(c) Any Confidential or AEO Information downloaded in electronic format from the litigation support site(s) or any other location where such information is maintained shall be stored only on device(s) (*e.g.*, laptop, tablet, smartphone, thumb drive, portable hard drive) that are password-protected and/or encrypted with access limited to persons entitled to access Confidential or AEO Information under this Order. If the user is unable to password protect and/or encrypt the device, then the Confidential or AEO Information shall be password-protected and/or encrypted at the file level.

(d) Confidential or AEO Information in paper format is to be maintained in a secure location with access limited to persons entitled to access Confidential or AEO under this Order; and

(e) Summaries of Confidential or AEO Information, including any lists, memorandum, indices, or compilations prepared or based on an examination of Confidential or AEO Information, that quote from or paraphrase Confidential or AEO Information in a manner that enables it to be

identified shall be accorded the same status of confidentiality as the underlying Confidential or AEO Information.

(f) If the recipient of Confidential or AEO Information is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Confidential AEO Information has been retrieved or viewed by unauthorized Parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

(g) If the Receiving Party discovers a breach of security[1] relating to the Confidential or AEO Information of a Producing Party, the Receiving Party shall: (1) immediately after discovery of the breach, provide written notice to the Producing Party; (2) promptly investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Producing Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

(h) Upon discovery of a breach of this Confidentiality Order, Counsel maintaining the originals of the signed acknowledgment forms will produce to the Producing Party copies of available forms signed by the individual or entity who committed the breach if the identity of the breaching person or entity is known. If unknown, Counsel maintaining the originals of the signed

[1] Breach is defined as the confirmed or suspected: (i) disclosure or use of Confidential Information by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device, server, or other information repository containing Confidential Information.

acknowledgement forms will produce all signed acknowledgement forms to the Court for *in camera* inspection, at which time the Court may provide them to the Producing Party on good cause shown.

**F. FAILURE TO DESIGNATE.** A failure to designate a document as Confidential or Attorneys' Eyes-Only Information does not waive the right to later designate the document. If a Party designates a document as Confidential or AEO after it was initially produced without such designation, a corrected copy of the document with a corrected designation shall be produced by the Producing Party. Upon receipt of such corrected designation, the Receiving Party must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.

**G. FILING OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION UNDER SEAL.** Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that quotes or attaches as an exhibit Confidential or AEO Discovery Material (a "Filing Under Seal") is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is **subject to the provisions of Rule 5.2 of the Federal Rules of Civil Procedure and Rule 9 of Honorable Mary Kay Vyskocil's Individual Rules of Practice in Civil Cases**. The parties acknowledge that it may be necessary to file confidential discovery into evidence, either at the trial of the matter or as an attachment to other filings with the Court. A designation under this Order does not, by itself, authorize the filing of any material under seal or establish that sealing is warranted. Except for redactions permitted without prior approval under Federal Rule of Civil Procedure 5.2, a Party seeking to file Protected Material under seal or in redacted form must comply with Judge Vyskocil's Individual Rule 9, Standing Order, and the applicable ECF Rules and Instructions. Any

request must be narrowly tailored and supported by particularized reasons sufficient to overcome the presumption of public access. Before filing, the filing Party shall notify the Designating Party and provide a reasonable opportunity for the Designating Party to withdraw the designation or supply the grounds supporting the requested sealing or redaction. Said permission shall not be unreasonably denied. In the event that such permission is denied, leave of the court must be obtained by the party who seeks to file the confidential evidence before any document is filed under seal.

**H. NO GREATER PROTECTION OF SPECIFIC DOCUMENTS; DISCLOSURE OF PRIVILEGED MATERIALS.**

1. **__No Greater Protection__.** Except on grounds of attorney-client privilege, work-product protection, or another applicable privilege or immunity, no Party may withhold discoverable information on the ground that it requires protection greater than that afforded by this Order unless the Party seeks further protection from the Court

2. **__Governing Law__.** The Parties agree that, to the fullest extent permitted by applicable law, New York law governs claims of attorney-client privilege and other state-law privileges. Federal law, including Federal Rule of Evidence 502, governs the effect of disclosures made in this proceeding and any resulting claim of waiver. Work-product protection shall be governed by applicable federal law.

3. **__No Waiver.__** Pursuant to Federal Rule of Evidence 502(d), the production or disclosure in connection with this action of material protected by the attorney-client privilege, work-product doctrine, or another applicable privilege or immunity shall not constitute a waiver of that protection in this action or any other federal or state proceeding.

4. **<u>Notice.</u>** A Party that becomes aware that another Party has produced Privileged Material shall promptly notify the Producing Party in writing. A Producing Party that becomes aware of its own production shall promptly notify all Receiving Parties in writing and provide a privilege log identifying the Privileged Material within seven (7) days.

5. **<u>Return or Destruction.</u>** Within three (3) business days after receiving notice sufficiently identifying the Privileged Material by Bates number or otherwise, each Receiving Party shall cease using the material, collect and return all copies and reproductions, delete the material and any notes or other work product summarizing, discussing, or quoting its contents from all media, and certify that deletion to the Producing Party.

6. **<u>Disputes</u>.** If a Receiving Party disputes the asserted protection, it shall notify the Producing Party in writing within a reasonable time after receiving the privilege log. If the dispute cannot be resolved through a good-faith conference, If the claim cannot be resolved after a good-faith conference conducted in person or by telephone, the Parties shall proceed in accordance with Judge Vyskocil's Individual Rule 3(D), including filing a joint letter not exceeding four pages that states both sides' positions and requests an informal conference. No discovery motion may be filed unless authorized by the Court. Any submission of the disputed material must comply with Individual Rule 9 or be provided for *in camera* review as directed by the Court.

**I. CHALLENGES BY A PARTY TO DESIGNATION AS CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** The designation of any material or document as Confidential or Attorneys' Eyes Only Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

1. **<u>Meet and Confer</u>**. A Party challenging a designation of Confidential or Attorneys' Eyes Only Information must do so in good faith and begin the process by providing written notice

to counsel for the Designating Party. The notice must identify the challenged material with specificity, including Bates number where available, and explain the basis for the challenge. The Designating Party must respond in writing within thirty (30) days, after reviewing the challenged material and reconsidering the designation, and must explain the basis for any designation it maintains. If the written exchange does not resolve the challenge, counsel shall, as required by Judge Vyskocil's Individual Rule 3(D), confer in good faith, in person or by telephone, in an effort to resolve the dispute.

2. **Judicial Intervention.** If the required meet-and-confer does not resolve the dispute, the Parties shall follow Judge Vyskocil's Individual Rule 3(D) by filing on ECF a joint letter, not to exceed four pages, explaining the dispute, setting forth each Party's position, and requesting an informal conference. The joint letter must state that counsel conferred in good faith, in person or by telephone, and were unable to resolve the dispute. No motion concerning the designation may be filed unless authorized by the Court. The Designating Party shall bear the burden of establishing that the challenged designation is proper. Until the challenge is resolved by agreement or Court order, all Parties shall continue to treat the challenged material in accordance with its existing designation under this Order.

**J. ACTION BY THE COURT.** Any request for judicial relief under this Order must be made in accordance with Judge Vyskocil's Individual Rules 3(D), 4(A)(i), and 9, as applicable, to the Court for an order relating to materials or documents designated as Confidential or AEO Information shall be by motion.

**K. USE OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY DOCUMENTS OR INFORMATION AT HEARINGS OR TRIAL.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. Proceedings at

hearings and trial, the closure of trial proceedings, and the sealing of the record involve considerations not presently before the Parties or the Court. Any Party seeking confidential treatment of material to be used at a hearing or trial must make a timely application in accordance with the Court's Individual Rules and any applicable pretrial order. Nothing in this Order authorizes closure of a courtroom or sealing of a trial record without a separate order of the Court. Notwithstanding the foregoing, this Order shall continue to apply after trial to all Confidential or AEO Information not disclosed during the trial or any hearings in the case.

**L. CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**.

1. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or AEO Information, the Receiving Party must, in writing and within three (3) days after receiving such subpoena or order, notify the designating Party, the Producing Party (if different from the designating Party) and the Party who caused the subpoena or order to issue. Notifications to the designating Party must include a copy of the subpoena or court order. Notifications to the Party who caused the subpoena or order to issue must include a copy of this Order.

2. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential or AEO Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection from the court or tribunal that issued the subpoena or order. The Receiving Party shall reasonably cooperate with that effort and, where legally permissible, shall not produce the material before the compliance date specified in the subpoena or order, thereby allowing the Designating Party a reasonable

opportunity to seek protection. Nothing in this Order authorizes a Receiving Party to disobey a lawful subpoena or court order. Production in compliance with such a subpoena or order shall not, by itself, terminate the material's protected status in this action. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Confidential or AEO Information by the other Party to this case.

**M. OBLIGATIONS ON CONCLUSION OF LITIGATION**.

1. **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

2. **Obligations at Conclusion of Litigation**. After the final disposition of this action, within sixty (60) days of receiving a written request by the Producing Party, all material and documents designated as Confidential or AEO Information under this Order, including copies as defined in paragraph (C), and including copies provided to the Receiving Party to others, shall be returned to the Producing Party or destroyed by the Receiving Party. If the Receiving Party elects to destroy, rather than return, documents subject to this Order, the Receiving Party shall timely certify such destruction to the Producing Party in writing.

**N. ORDER SUBJECT TO MODIFICATION.** This Order may be modified by the Court on its own initiative, by written stipulation approved by the Court, or upon a Party's timely application made in accordance with the Court's Individual Rules.

**O. NO PRIOR JUDICIAL DETERMINATION.** This Order is based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Order constitutes a judicial determination that any particular material is entitled to confidential treatment or may properly be filed under seal.

**P. PERSONS BOUND.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

Dated: September 21, 2026

**SALTZ MONGELUZZI & BENDESKY P.C.**

*/s/ David C. Magagna*
Lawrence R. Cohan, Esq.
Joshua C. Cohan, Esq.
David C. Magagna Jr., Esq.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Tel.: (215) 486.8282
lcohan@smbb.com
jcohan@smbb.com
dmagagna@smbb.com

**MEIROWITZ & WASSERBERG, LLC**

Samuel Meirowitz, Esq. (3998648)
1040 6th Avenue, 10th Floor
New York, NY 10018
Tel.: (212) 897-1988
sam@mwinjurylaw.com
***Attorneys for Plaintiff Carmelo Tripodi***

**HARRIS BEACH MURTHA CULLINA, PLLC**

*/s/ Anthony Ruzzi*
Anthony Ruzzi, Esq.
100 Wall Street
New York, New York 10005
Tel.: (212) 687.0100
aruzzi@harrisbeachmurtha.com
***Attorneys for Defendant Henry Shein, Inc.***

**BOWMAN AND BROOKE LLP**

*/s/ Jessica R. Garrity*
Jessica R. Garrity, Esq. (Admitted PHV)
150 S 5th St, Suite 3000
Minneapolis, MN 55402
Tel.: (612) 672-3206
jessica.garrity@bowmanandbrooke.com

Christopher R. Carton, Esq. (5611090)
Erica S. Mekles, Esq. (4849543)
52 Duane Street, 7th Floor
New York, NY 10007
Tel.: (646) 844.9252
Fax: (646) 914.6796
chris.carton@bowmanandbrooke.com
erica.mekles@bowmanandbrooke.com
***Attorneys for Defendant Elutia Inc. and Berkeley Biologics, LLC***

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Aryan K. Vavila*
Aryan K. Vavila, Esq. (6091425)
Jennifer w. Yuen, Esq. (8888)
140 Broadway, Suite 3100
New York, NY 10005
Tel.: (646) 989.9467
Aryan.Vavila@lewisbrisbois.com
Jennifer.Yuen@lewisbrisbois.com
***Attorneys for Defendant DCI Donor Services, Inc. d/b/a Tennessee Donor Services***

**SO, ORDERED.**

Signed: 9/24, 2026.

Mary Kay Vyskocil

Hon. Mary Kay Vyskocil
United States District Court Judge